### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

MARK WAYNE CASTLEMAN,      )
                                  )
               Plaintiff,     )
                                  )
v.                               )         **No. 22-CV-235-RAW-JAR**
                                  )
DR. JOHN MARLER, et al.,       )
                                  )
              Defendants.   )

### OPINION AND ORDER

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. On August 19, 2022, he filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations at OSP (Dkt. 9).

On July 7, 2023, the Court dismissed Defendants Daniel Christenson and Mark McManus for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 41). The remaining defendants are the following OSP officials: Dr. John Marler, a.k.a. Dr. John Marlar, Physician; Donna Arnold, R.N.; and Regina Van Blaricom, OSP Correctional Health Service Administrator. Plaintiff alleges these defendants failed to respond properly to his serious injuries when he was stabbed four times by his cellmate on June 7, 2020. He also complains that he should have been transferred to the hospital sooner for treatment.

On October 21, 2022, summonses were issued for Defendants Marler, Arnold, and Van Blaricom (Dkt. 10, 13, 14), however, the summonses were returned unexecuted on November 1, 2022 (Dkts. 16, 19, 20). On June 8, 2023, Plaintiff filed a motion for issuance of summons for these defendants by serving the complaint and summons upon the Oklahoma Attorney General (Dkt. 40). Plaintiff alleges he unsuccessfully attempted to serve these defendants at OSP via the United States Marshals Service (USMS), and he also attempted to serve Marler at his home and current place of employment. According to the returned USM-285 forms for Defendants Arnold and Van Blaricom, neither works at OSP, and OSP has no known addresses or phone numbers for them (Dkts. 16, 19).

Defendant Marler's returned USM-285 form states that the listed address on the form does not exist (Dkt. 20). Dr. Marler also does not work at Eufaula Urgent Care or St. Francis in Muskogee. *Id.*

Plaintiff requests issuance of the summons for Defendant Marler by serving the Oklahoma Attorney General, who allegedly is representing Marler in a pending case in the Western District of Oklahoma. Plaintiff cites as authority *Broadcast Music, Inc. v. El Super Corral Co.*, No. 19-CV-395-TCK-FHM, 2020 WL 12799453 (N.D. Okla. Jan. 23, 2020), which allowed service by alternate means, after numerous unsuccessful attempts at service of the defendants. In *Broadcast Music*, the plaintiff asked to be allowed to serve the defendants by serving their counsel of record in a Tulsa County District Court civil action. *Id*. at *1. The United States District Court for the Northern District of Oklahoma granted the motion and extended the plaintiff's deadline to obtain service of process. *Id*. at *2. The Northern District explained:

> Pursuant to Fed. R. Civ. P. 4(e)(1), an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Oklahoma law regarding service on defendants in civil cases provides:
>
>> [i]f service cannot be made by personal delivery or by mail, a [corporate or individual] defendant may be served as provided by court order in a manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard and upon filing an affidavit by the plaintiff or plaintiff's attorney that with due diligence service cannot otherwise be made upon the defendant.
>
> Okla. Stat. tit. 12, § 2004(C)(6).

*Broadcast Music*, 2020 WL 12799453, at *1.

Plaintiff also cites *Parks v. Taylor*, No. CIV-19-1188-D, slip p. at 1 (W.D. Okla. Mar. 7, 2022) (Dkt. 79), a pro se civil rights case, in which the plaintiff sought leave to serve Defendant Hendershot through the attorney representing Hendershot in a matter that was pending before the Tenth Circuit Court of Appeals. The USMS had attempted service on Hendershot, but could not locate him. *Id*. at 5-6. The return of service noted that Hendershot no longer was employed at the Oklahoma Detention Center, and there was no forwarding address. *Id.* at 6. The Western District

stated:

> In his motion, Plaintiff asserts Defendant Hendershot is represented by Gary J. James & Associates in Tenth Circuit Case No. 21-6014. (Doc. 73, at 10-11).  He contends "it is obvious, or at least reasonable to assume, that [Defendant] Hendershot's above current attorney of record whom is representing [Defendant] Hendershot . . . either knows [or should know] of [Defendant] Hendershot's current whereabouts (or where, and/or when, that [Defendant] Hendershot can be successfully located and/or contacted)."  Thus, he requests that the USMS be ordered to deliver a copy of the Amended Complaint to Gary J. James & Associates' place of business and order Gary J. James & Associates to accept service on behalf of Mr. Hendershot.

*Id.* (citations omitted).

In Plaintiff Castleman's current case against Defendants Marler, Arnold, and Van Blaricom, he asserts that these three defendants should be served through the Oklahoma Attorney General's Office, because that office represents all the defendants in prisoner civil rights litigation in the federal courts.  In particular, he argues that Marler can be served through the Attorney General's Office, because that office is representing Marler in other pending cases.

Plaintiff alleges that in *Johnson v. Marler*, No. CIV 16-440-JHP-SPS (E.D. Okla. April 19, 2019), the Attorney General represents Defendant Marler.  A review of the record for that case, however, indicates this Court dismissed the case on April 19, 2019, the Tenth Circuit dismissed the appeal in Case No. 19-7023 on March 20, 2020, and the U.S. Supreme Court denied Plaintiff Johnson's petition for a writ of certiorari in Case No. 20-5291 on August 7, 2020.  Because the case is closed, the Attorney General no longer represents Dr. Marler and cannot be expected to locate him for service in this lawsuit.

Plaintiff also cites *Rigsby v. Marler*, No. CIV 21-316-R (W.D. Okla. June 28, 2021), as evidence that Marler is represented by the Oklahoma Attorney General.  The record, however, shows that Dr. Marler never was served in that case, so he was not represented by the Attorney General. The district court dismissed the case on September 17, 2021, and the Tenth Circuit dismissed the appeal for lack of prosecution in Case No. 21-6124 on February 8, 2022.

After careful review, the Court finds Plaintiff has submitted no active cases in which Defendants Marler, Arnold, or Van Blaricom are represented by the Oklahoma Attorney General.

The fact that Defendant Marler was represented by the Attorney General in a case that has been closed, does not create a current attorney-client relationship.  Therefore, Petitioner's motion for issuance of summons (Dkt. 40) is DENIED.

Plaintiff is granted twenty-one (21) days to show cause in writing why Defendants Marler, Arnold, and Van Blaricom should not be dismissed without prejudice from this action for Plaintiff's failure to serve them in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**ACCORDINGLY,**

1. Plaintiff's motion for issuance of summons (Dkt. 40) is DENIED.

2. Plaintiff is directed to show cause in writing within twenty-one (21) days why Defendants Marler, Arnold, and Van Blaricom should not be dismissed without prejudice from this action for Plaintiff's failure to serve them in accordance with Fed. R. Civ. P. 4.

3. Failure to show cause as directed will result in dismissal of Defendants Marler, Arnold, and Van Blaricom without further notice.

**IT IS SO ORDERED** this 10th  day of July 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

4