## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARK WAYNE CASTLEMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **No. CIV 22-235-RAW-JAR** |
| | ) | |
| **JOHN MARLER, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff has filed a motion for leave to file a second amended complaint and to reinstate previously dismissed defendants (Dkts. 54, 72). He alleges he did not "fully comprehend what information was being asked of him" in his original and first amended complaints. (Dkt. 54 at 2). He also claims he has mental and cognitive impairments with borderline intellectual functioning. *Id*. at 1.

Plaintiff's first amended complaint set forth claims against five defendants. (Dkt. 9). The proposed second amended complaint has 22 defendants listed, including the five original defendants. (Dkt. 54-1). Two of the proposed defendants in the second amended complaint--Defendants Christenson and McManus--were dismissed on July 7, 2023 (Dkt. 41). Plaintiff acknowledges that Defendants Christenson and McManus were dismissed, however, he wants the Court to "reinstate them." (Dkt. 54-1 at 3).

The proposed new defendants in the second amended complaint include past and present Oklahoma governors, past and present officials of Oklahoma State Penitentiary, officials of the Oklahoma Department of Corrections, officials of the Office of the Oklahoma Inspector General, as well as unnamed individuals who allegedly were connected to Plaintiff's claims. Plaintiff has

not explained why the proposed new defendants were not included in the first amended complaint, which was filed more than a year ago on October 21, 2022 (Dkt. 9).

Plaintiff may not "reinstate" Defendants Christenson and McManus when this Court has found that Plaintiff failed to state a claim against Christenson and McManus pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 41).  In addition, Plaintiff has failed to allege in the proposed second amended complaint how the new additional defendants "personally participated" in the alleged constitutional violations, a requirement in § 1983 actions.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Supervisory status is not sufficient to support liability under § 1983.  *Id.  See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Further, "section 1983 will not support a claim based on a respondeat superior theory of liability."  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

After careful review, the Court finds that justice does not require that Plaintiff be granted leave to further amend this civil rights action.  *See* Fed. R. Civ. P. 15(a)(2).  Therefore, his motion for leave to file second amended complaint and to reinstate previously dismissed defendants (Dkt. 54) is denied.

**IT IS SO ORDERED** this 12th day of March 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

2